IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CORY BLAKE WEST,<br><br>Plaintiff,<br>vs.<br><br>CHARLES PALMER, TRACY THOMAS, CORY TURNER, BRAD WITTROCK, and JASON SMITH<br><br>Defendants. | No. C15-4251-MWB<br><br>**INITIAL REVIEW ORDER** |

This matter is before me on the plaintiff's application to proceed *in forma pauperis*, *pro se* 42 U.S.C. § 1983 complaint and *pro se* motion to appoint counsel. (docket nos. 1 and 2). The plaintiff is a civil detainee at the Civil Commitment Unit for Sexual Offenders (CCUSO) located in Cherokee, Iowa.

## I. IN FORMA PAUPERIS STANDARD

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of *in forma pauperis* allows a plaintiff to proceed without incurring filing fees or other court costs. 28 U.S.C. § 1915(a)(1). Accordingly, plaintiffs who apply for and receive *in forma pauperis* status may file their case for free. However, under the Prison Litigation Reform Act (PLRA), prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed *in forma pauperis* as to filing fees. *Id*. However, CCUSO is not a prison facility; it "provides a secure, long-term, and highly-structured setting to treat sexually violent predators who have served their prison terms, but who, in a separate

1

civil trial, have been found likely to commit further violent sexual offenses." Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Numerous courts have considered the question of whether those patients committed to a state hospital are prisoners under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals has held that civilly committed individuals are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Other courts have reached the same conclusion. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied Michau v. Charleston County, S.C.*, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. … *see also Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. *See … Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*Id*. at 727-28 (some internal citations omitted.); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002), stating, "[w]e agree with *Page, Kolocotronis*, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction;" *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009), stating, "[a]ccordingly, we hold that the fee payment provisions of § 1915 applicable to a "prisoner," as defined by § 1915(h), do not apply to those civilly committed under the KSVPA." Based on those cases, it seems clear that the prisoner pay schedule contained in the PLRA is not applicable to the plaintiff's case.

Thus, if a civilly committed plaintiff is entitled to *in forma pauperis* status, that plaintiff may proceed without the payment of fees.

In order to qualify for *in forma pauperis* status, a plaintiff must provide an affidavit with the following: (1) a statement of the nature of the action, (2) a statement that plaintiff is entitled to redress, (3) a statement of the assets plaintiff possesses, and (4) a statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). In this case, West's filing, coupled with the fact that he has been granted *in forma pauperis* status in other on-going cases (which will be discussed more below) substantially comply with those requirements. Accordingly, the Clerk of Court shall file the plaintiff's complaint. No filing fee will be assessed.

However, once any portion of a filing fee is waived, I must dismiss the case if the allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## II. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Pro se* complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court

3

must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." *Id*. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the pleader is entitled to relief." *Id*. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 1949.

Thus, to survive initial review, the plaintiff must allege a plausible, non-frivolous claim that a state actor has violated his constitutional rights.

### III. ANAYLSIS

*A. West's Case History*

West has filed numerous cases in the Northern District of Iowa, including two which are currently pending.

In 2012, West filed a 42 U.S.C. § 1983 complaint against a number of CCUSO employees. *See* C12-4059-DEO. In that case, West alleged a due process violation because his civil commitment occurred before he served parole. Judge O'Brien ruled:

> [t]he substance of Mr. West's claim is that his due process rights have been denied because he gained a liberty interest in serving his ten year special parole sentence pursuant to I.C.A. Section 903B.2, and his commitment to CCUSO denied him the opportunity to complete that sentence. However, it is clear under the law that Mr. West can serve his special sentence while at CCUSO. Accordingly, no due process violation has occurred; and Mr. West's 42 U.S.C. § 1983 Complaint must be dismissed.

C12-4059-DEO, docket no. 28, p. 14.

4

In C15-4053-DEO, West raised a variety of claims. Judge O'Brien ruled that:

> To the extent Mr. West raises similar claims in this present case, those claims are barred by the doctrines of res judicata and claim preclusion. . . Mr. West also seems to argue the state process that found he has a mental abnormality was flawed. The finding that Mr. West had a mental abnormality was central to his civil commitment. Accordingly, Mr. West's current argument amounts to a habeas challenge, and [] making a habeas challenge is impermissible in a 42 U.S.C. Section 1983 case. *See Heck v. Humphey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). The distinction between the present case and *Heck* is that the later involved a criminal conviction, while the present case involves a civil commitment. However, several Courts have extended the *Heck* doctrine to civil commitments, including the civil commitments of sexually violent predators. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that *Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006). Accordingly, the Court must consider the *Heck* ruling as applied to this case. The principal question under *Heck* is whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's confinement. If the Court were to find that the process used to determine Mr. West had a mental abnormality were flawed, it would necessarily invalidate his civil commitment. Accordingly, this type of suit is barred by the doctrine articulated in *Heck v. Humphrey*. If Mr. West wants to challenge the process whereby he was committed to CCUSO, he needs to do so either in a post-conviction relief action in Iowa State Court, or in a 28 U.S.C. Section 2254 habeas action.

C15-4053-DEO, docket no. 3,

In C14-4102-MWB, which is currently pending before me, West argues that various CCUSO employees failed to protect him, retaliated against him, and violated his right to free exercise of religion. Judge O'Brien granted West's request for appointment of counsel in that case and he is currently represented by attorney Pamela Wingert.

In C15-4052-MWB, which is currently assigned by consent to Magistrate Judge Strand, West argues that his employer, Tyson Foods, Inc., committed work place discrimination.

### B. *Present Case*

In the present case, West alleges many constitutional violations arising out of his recent loss of transitional release.

Although West does not provide these details in his complaint, I am aware of the basic procedures at CCUSO. *See*, for example, C11-4055-MWB and C12-4086-MWB. Pursuant to I.C.A. Section 229A, the state may seek the commitment of sexually violent predators in order "to protect the public, to respect the needs of the victims of sexually violent offenses, and to encourage full, meaningful participation of sexually violent predators in treatment programs." I.C.A § 229A.1. Under chapter 229A, a "sexually violent predator" is defined as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." *Id*. § 229A.2(11). West was committed to CCUSO pursuant to the appropriate state court process in 2011. West's commitment was upheld on appeal. *See In re Det. of W.*, 829 N.W.2d 589 (Iowa Ct. App. 2013). At some point thereafter, West proceeded to the transitional release phase of CCUSO. In transitional release, a patient need not be confined to the CCUSO facility and may seek outside employment. *See* I.C.A. § 229A.8A. In criminal law terminology, transitional release at CCUSO is very similar to an inmate transitioning to a half-way house.

6

In this case, West alleges that he was granted transitional release, but then lost transitional release and was then returned to the committed portion of CCUSO.[1] West alleges that, in returning him to the committed portion of CCUSO, the above named defendants violated his constitutional rights.

West's *pro se* filings do not contain a complete record of the state court process which led him to either receive transitional release or to have the same revoked. However, as noted above, West has repeatedly tried to use 42 U.S.C. § 1983 as a vehicle to challenge his state court civil commitment. In those previous cases, Judge O'Brien cited *Heck v. Humphrey* and found that 42 U.S.C. § 1983 is not a proper vehicle for West to challenge his commitment to CCUSO. In this *pro se* complaint, West again attempts to use 42 U.S.C. § 1983 to challenge his confinement to the committed portion of CCUSO. A favorable judgment for West would necessarily invalidate his conviction or sentence, which is explicitly prohibited by *Heck*. Thus, as before, West's current claim is barred by the *Heck* doctrine. If West wants to challenge the process whereby he was committed to CCUSO, he needs to do so either in a post-conviction relief action in Iowa State Court, or in a 28 U.S.C. Section 2254 habeas action.

## IV. CONCLUSION

For the reasons discussed above, West's motion to proceed *in forma pauperis* (docket no. 1) is granted. The Clerk of Court shall file West's complaint without the payment of any filing fees. However, upon initial review, it is clear that West has failed to state a claim upon which relief can be granted. Accordingly, the case will be dismissed in its entirety and West's motion to appoint counsel (docket no. 2) is denied as moot. The Clerk of Court shall send a copy of this order to assistant Iowa Attorney General Gretchen Kraemer.

---

[1] While on transitional release, West absconded and fled to Oklahoma. Upon his capture, West pleaded guilty to the crime of escape in Iowa state court. *See* C14-4102-MWB, docket no. 25-1.

**IT IS SO ORDERED**.

**DATED** this 27th day of January, 2016.

                                                _____
                                                MARK W. BENNETT
                                                U.S. DISTRICT COURT JUDGE
                                                NORTHERN DISTRICT OF IOWA